RE: QUORUM FOR PURPOSES OF THE OPEN MEETING ACT
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION REGARDING YOUR QUESTION, WHICH ASKS, IN EFFECT:
 DOES THE PRESENCE OF THE CHIEF EXECUTIVE OFFICER OF THE UNIVERSITY HOSPITALS (CEO), AN EX OFFICIO, NONVOTING MEMBER OF THE UNIVERSITY HOSPITALS AUTHORITY, WITH OTHER MEMBERS OF THE AUTHORITY, COUNT TOWARD A "MAJORITY OF ITS MEMBERS" FOR PURPOSES OF THE OPEN MEETING ACT?
THE UNIVERSITY HOSPITALS AUTHORITY (AUTHORITY) WAS ESTABLISHED BY SENATE BILL 423. SECTION 7(B) OF THE BILL STATES, IN PERTINENT PART, AS FOLLOWS:
 "B. THE AUTHORITY SHALL CONSIST OF SIX (6) MEMBERS AS FOLLOWS:
 6. THE CHIEF EXECUTIVE OFFICER OF THE UNIVERSITY HOSPITALS WHO SHALL BE AN EX OFFICIO, NONVOTING MEMBER."
 THE BILL GOES ON TO SAY, IN SECTION 7(H), THAT "A QUORUM OF THE AUTHORITY SHALL BE THREE (3) MEMBERS."
THE WORD QUORUM IS NOT DEFINED IN THE STATUTES, AND THEREFORE IS TO BE UNDERSTOOD IN ITS ORDINARY SENSE. 25 O.S. 1 (1991). THE DICTIONARY DEFINES QUORUM AS FOLLOWS:
 "THE NUMBER OF THE MEMBERS OF AN ORGANIZED BODY OF PERSONS . . . THAT WHEN DULY ASSEMBLED IS LEGALLY COMPETENT TO TRANSACT BUSINESS IN THE ABSENCE OF THE OTHER MEMBERS." ("QUORUM")
WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981).
THE HEART OF YOUR QUESTION IS WHETHER A MEETING OF THE CEO WITH TWO OTHER MEMBERS OF THE AUTHORITY TO DISCUSS AUTHORITY BUSINESS IS SUBJECT TO THE OKLAHOMA OPEN MEETING ACT ("ACT"), GIVEN THE FACT THAT THE CEO CANNOT VOTE. TO ANSWER THIS QUESTION, WE MUST DETERMINE WHAT CONSTITUTES A MEETING UNDER THE ACT.
THE ACT DEFINES MEETING AS FOLLOWS:
 "MEETING" MEANS THE CONDUCTING OF BUSINESS OF A PUBLIC BODY BY A MAJORITY OF ITS MEMBERS BEING PERSONALLY TOGETHER." 25 O.S. 304(2) (1991).
THE DEFINITION CONTAINS FOUR ESSENTIAL ELEMENTS:
"1) PUBLIC BODY
 THE AUTHORITY MEETS THE DEFINITION OF PUBLIC BODY UNDER THE ACT. 25 O.S. 304(1) (1991).
2) PERSONALLY TOGETHER
 YOUR QUESTION ASKS ABOUT THE "PRESENCE" OF A NONVOTING MEMBER, THEREBY INDICATING A SITUATION IN WHICH THE INDIVIDUALS ARE PERSONALLY TOGETHER.
3) CONDUCTING OF BUSINESS
 THE PHRASE "CONDUCTING OF BUSINESS" IS NOT DEFINED IN THE ACT. NEVERTHELESS, IN A.G.OPIN. 82-212, THE ATTORNEY GENERAL CONCLUDED THAT "(B)USINESS SHOULD BE ASSUMED TO INCLUDE THE ENTIRE DECISION-MAKING PROCESS INCLUDING DELIBERATION, DECISION OR FORMAL ACTION." THAT SAME OPINION CONSIDERED IT CLEAR THAT WHEN MEMBERS OF A PUBLIC BODY MEET, EVEN IF INFORMALLY, AND DISCUSS MATTERS CONCERNING THE BUSINESS OF THE PUBLIC BODY, THE DISCUSSION COMES UNDER THE AUSPICES OF THE ACT. THE SCOPE OF "BUSINESS" IS GIVEN A BROAD INTERPRETATION UNDER THE ACT, IN ORDER TO ACCOMPLISH THE ACT'S PURPOSE, WHICH ACCORDING TO A.G.OPIN. NO 82-208, IS TO "FACILITATE AN INFORMED CITIZENRY'S RIGHT TO PARTICIPATE IN GOVERNMENT AND UNDERSTAND WHY GOVERNMENT ACTS AFFECTING THEIR LIVES ARE TAKEN." (CITING OKLAHOMA ASSOCIATION OF MUNICIPAL ATTORNEYS V. STATE, 577 P.2D 1310 (OKLA.1978)).
4) MAJORITY OF ITS MEMBERS
 THIS ELEMENT IS SOMEWHAT ENTERTWINED WITH THAT OF CONDUCTING BUSINESS. IF AN ACTIVITY OF A PUBLIC BODY CONSTITUTES BUSINESS, AS DEFINED ABOVE, DOES A STATUTORILY PRESCRIBED QUORUM WHICH INCLUDES A NONVOTING MEMBER HAVE THE CAPACITY TO CONDUCT BUSINESS? THE DISCUSSION BELOW WILL EXPLORE THAT QUESTION."
THE RELEVANT PORTION OF THE AUTHORITY'S OWN ENABLING ACT, SENATE BILL 423, QUOTED ABOVE, PROVIDES THAT A QUORUM SHALL BE THREE MEMBERS. IT MAKES NO DISTINCTION BETWEEN VOTING AND NONVOTING MEMBERS. BY LAW, THEN, THREE MEMBERS ARE SUFFICIENT TO CONDUCT BUSINESS. THE MEMBERS ARE NOT PROHIBITED FROM TRANSACTING BUSINESS SIMPLY BECAUSE ONE MEMBER HAS NO VOTING POWER. IT IS IMPERATIVE TO REMEMBER THAT VOTING IS NOT REQUIRED IN ORDER TO CONDUCT BUSINESS UNDER THE ACT, BUT BUSINESS INCLUDES DELIBERATION AND DISCUSSION AS WELL. SEE A.G.OPIN. 82-208, CITED ABOVE.
NEVERTHELESS, A MAJORITY OF A QUORUM CAN TAKE ACTION — THE ACT ITSELF PROVIDES THAT A PUBLIC BODY CAN GO INTO EXECUTIVE SESSION WHEN AUTHORIZED BY A MAJORITY VOTE OF A QUORUM. 25 O.S. 307(E)(2) (1992). THE BASIC REQUIREMENT FOR APPROVAL OF AN ACTION, EXCEPT WHERE A RULE REQUIRES OTHERWISE, IS A MAJORITY VOTE. MAJORITY VOTE IS DEFINED AS FOLLOWS:
 "(I)T MEANS MORE THAN HALF OF THE VOTES CAST BY PERSONS LEGALLY ENTITLED TO VOTE, EXCLUDING BLANKS OR ABSTENTIONS, AT A REGULAR OR PROPERLY CALLED MEETING AT WHICH A QUORUM IS PRESENT."
HENRY M. ROBERT, ET AL., ROBERT'S RULES OF ORDER NEWLY REVISED, (SCOTT, FORESMAN AND COMPANY, 1990), P. 395 (EMPHASIS ADDED). THEREFORE, TWO VOTING MEMBERS OF A THREE-MEMBER QUORUM CAN GO SO FAR AS TO TAKE FORMAL ACTION ON BEHALF OF THE AUTHORITY. A QUORUM OF THE AUTHORITY, THEN, IS CAPABLE OF ALL ASPECTS OF CONDUCTING BUSINESS.
I AM AWARE THAT THE OPEN MEETING ACT SPEAKS OF A MAJORITY OF THE MEMBERS OF A PUBLIC BODY RATHER THAN A QUORUM. HOWEVER, CONSIDERING THAT THE PUBLIC POLICY OF THE OPEN MEETING ACT IS TO "ENCOURAGE AND FACILITATE AN INFORMED CITIZENRY'S UNDERSTANDING OF THE GOVERNMENTAL PROCESSES AND GOVERNMENTAL PROBLEMS" AS STATED IN 25 O.S. 302 (1991), IT WOULD BE INCONSISTENT WITH THE PURPOSE OF THE ACT TO DETERMINE A PUBLIC BODY IS NOT SUBJECT TO THE ACT WHEN LESS THAN A MAJORITY OF ITS MEMBERS MAY TRANSACT BUSINESS PURSUANT
(MISSING PAGES)